■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD C. RUSHMORE, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 24, 1976, convicting him of manslaughter in the second degree, upon a guilty plea, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress oral and written statements. Judgment affirmed. Upon the record, the "totality of the circumstances" surrounding the confession indicates, beyond a reasonable doubt, that it was voluntarily made (see *Clewis v Texas,* 386 US 707, 708; *People v Anderson,* 42 NY2d 35, 38; *People v Leonard,* 59 AD2d 1, 12-13). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

## (November 22, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY BLANKS, Respondent.—Appeal by the People from an order of the Supreme Court, Westchester County, dated November 18, 1977, which, *inter alia,* (1) granted defendant's motion for a mistrial and (2) deemed the indictment to be amended so as to charge murder in the second degree. Order modified, on the law, by deleting from the second decretal paragraph thereof all language after the words "is denied". As so modified, order affirmed. The stay contained in the order to show cause returnable November 22, 1977 is hereby vacated. We hold that the determination of the trial court was erroneous and that the case should proceed to trial under the indictment as originally handed down by the Grand Jury. Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.

## (November 28, 1977)

■ BARRY ALSTER, an Infant, by His Father and Natural Guardian, JOEL ALSTER, et al., Appellants, v MARTINIQUE LEASING CORP. et al., Respondents. —In an action, *inter alia,* to recover damages for personal injuries sustained by the infant plaintiff, the plaintiffs appeal from an order of the Supreme Court, Queens County, dated September 7, 1976, which denied their motion to, *inter alia,* vacate the settlement of the action, which the court had approved in an infant's compromise order dated September 14, 1972. Order affirmed, without costs or disbursements. Under the circumstances of this case, the Special Term did not abuse its discretion in denying appellants' motion to vacate the settlement. Margett, J. P., Damiani, Shapiro and Titone, JJ., concur.